IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-50859
Summary Calendar

ANDRES SANCHEZ

Plaintiff-Appellant

V.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
Case No. 1:06-CV-500

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Andres Sanchez challenges the Commissioner of Social Security's final decision to deny his claim for disability benefits. Because the Commissioner's decision is supported by substantial evidence and is consistent with applicable law, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

On September 23, 2003, Sanchez applied for disability benefits under Title II and Title XVI of the Social Security Act. Sanchez alleged that he was unable to work due to bronchitis, hypertension, sleep apnea, congestive heart failure (CHF), human immunodeficiency virus (HIV), and acquired immunodeficiency syndrome (AIDS). The Commissioner denied Sanchez's claims at the initial and reconsideration levels of the application process. Sanchez then requested and received a hearing before an Administrative Law Judge (ALJ). The ALJ heard testimony from Sanchez, a medical expert, and a vocational expert. On September 20, 2005, the ALJ issued a written decision denying Sanchez's application for benefits. When the Appeals Council denied Sanchez's request for review, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. Sanchez filed suit, and the matter was referred by consent to a magistrate judge. The magistrate judge, acting as the district court, upheld the ALJ's decision.

## II. DISCUSSION

We review the Commissioner's decision to deny social security benefits only to determine whether the decision is supported by substantial evidence and based on proper legal standards. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We may not reweigh the evidence or substitute our own judgment for that of the Commissioner. Hollis v. Bowen, 837 F.2d 1378, 1383 (5th Cir. 1988).

Sanchez argues that the ALJ erred in concluding that he was not disabled. In finding that Sanchez was not disabled, the ALJ executed the multi-step sequential inquiry required under 20 C.F.R. § 404.1520. The ALJ first

determined that Sanchez was not currently engaged in substantial gainful employment. Second, the ALJ concluded that some of Sanchez's impairments — namely, his chronic back and leg pain, HIV, CHF, sleep apnea, and drug and alcohol abuse — were severe. Third, the ALJ found that Sanchez was not entitled to a presumption of disability because none of his severe impairments, either individually or collectively, corresponded to an impairment specifically listed in the regulations. Fourth, the ALJ determined that Sanchez retained the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently, and to stand, walk, and sit six hours in an eight-hour workday, so long as he avoided exposure to extreme temperatures. The ALJ considered Sanchez's subjective, alleged limitations but found such complaints not totally credible. Based upon these findings, the ALJ determined that Sanchez could return to his past relevant work as a cashier or general clerk. Accordingly, the ALJ held that Sanchez was not disabled within the meaning of the Social Security Act.

Sanchez argues that substantial evidence does not support the ALJ's conclusion that he is capable of performing his past relevant work as a cashier or general clerk. First, Sanchez contends that the ALJ disregarded evidence that his fatigue and weakness would require him to frequently miss work. However, the record indicates that the ALJ properly considered and rejected absenteeism as a potential limiting factor. The ALJ specifically questioned the vocational expert about the number of permissible absences per month for a hypothetical cashier or clerk. The ALJ also heard testimony from a medical expert, Dr. Turbeville, indicating that Sanchez's weakness and fatigue would not result in an unacceptable number of absences. Dr. Turbeville stated that if Sanchez avoided extreme temperatures, he could perform light work without a problem. Substantial evidence supports the ALJ's decision to reject absenteeism as a limiting factor.

Sanchez also contends that the ALJ erred by disregarding his depression in finding that he could perform past relevant work. This argument is without merit. The physicians of record reported that Sanchez had no severe mental limitations. Moreover, Sanchez testified that he took medication that helped his depression, and Dr. Turbeville opined that Sanchez had not complained of depression since starting the medication. If an impairment reasonably can be remedied or controlled by medication or therapy, it cannot serve as a basis for a finding of disability. Johnson v. Bowen, 864 F.2d 340, 348 (5th Cir. 1988). Substantial evidence supports the ALJ's conclusion that Sanchez's depression would not preclude him from performing his past relevant work.

Next, Sanchez asserts that the ALJ erred by adopting the opinion of Dr. Turbeville, a medical expert, over that of Dr. Werntz, a doctor who actually treated Sanchez. In April 2003, Dr. Werntz reported that "[d]ue to health related concerns, Mr. Sanchez may not be able to maintain gainful employment at this time." Ordinarily, the opinions, diagnoses, and medical evidence of a treating physician should be accorded considerable weight in determining disability. Perez v. Barnhart, 415 F.3d 457, 465–66 (5th Cir. 2005). However, a physician's conclusory opinion of disability intrudes upon an area reserved to the Commissioner, and the ALJ may reject such an opinion without referring to the factors used to evaluate a typical medical opinion. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ properly rejected Dr. Werntz's conclusory statement regarding Sanchez's ability to maintain employment.

Finally, Sanchez argues that the ALJ erred in finding that his allegations were "not totally credible." We disagree. First, Sanchez offered inconsistent accounts of his condition. For instance, Sanchez complained of debilitating weakness and fatigue, but testified that he could lift approximately fifty pounds and that he could cook, do laundry, clean, grocery shop and drive. See Leggett v. Chater, 67 F.3d 558, 565 n.12 (5th Cir. 1995) (considering ability to conduct

daily activities in assessing credibility). Sanchez also alleged that he could not afford to purchase a CPAP device to alleviate his sleep apnea, but the record indicates that he smoked and regularly abused alcohol. In addition, the medical evidence demonstrated that, despite his allegations, Sanchez exhibited virtually no external manifestations of pain, and past pain had been alleviated by medication. See Hollis v. Bowen, 837 F.2d 1378, 1384 (5th Cir. 1988) (lack of external manifestation of pain, such as limitations in motion or ambulation, indicates lack of disabling pain). Substantial evidence supports the ALJ's determination that Sanchez's complaints are not totally credible.

For these reasons, we conclude that the Commissioner properly denied Sanchez disability benefits and affirm the judgment of the district court.

AFFIRMED.